# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| SCOTT J. JORDAN, ) | |
| ) | Bankruptcy No. 13-00772 |
| Debtor. ) | |
| ) | |
| JOHN EVELAND., ) | |
| ) | |
| Plaintiff, ) | Adversary No. 13-09093 |
| ) | |
| v. ) | |
| ) | |
| SCOTT J. JORDAN ) | |
| ) | |
| Defendant. ) | |

### ORDER RE: MOTION FOR SUMMARY JUDGMENT

John Eveland ("Plaintiff") brought this case to determine the dischargeability of certain debts that Scott J. Jordan ("Debtor") owes him. The debts arose from an agreement that settled a fraud claim by Plaintiff against Debtor stemming from a prior business relationship. Plaintiff filed a Motion for Summary Judgment, and the Court held a telephonic hearing. Abbe Stensland argued for Plaintiff, and Don Gottschalk argued for Debtor. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

Plaintiff argues that summary judgment is appropriate because Debtor admitted in the settlement agreement that the disputed debt could not be discharged in bankruptcy. Plaintiff asserts that the obligation is nondischargeable under 11 U.S.C. § 523(a)(4) because it arises from a claim of fraud or defalcation in a fiduciary capacity. Debtor argues that he did not admit to committing fraud in the settlement agreement. He argues that summary judgment is inappropriate because there are genuine issues of material fact. He contends that these issues are whether he ever admitted to committing fraud and, if so, whether the parties intended to resolve the fraud issue in the settlement agreement. The Court agrees with Debtor. There are genuine issues of fact, and the Court denies the summary judgment motion.

## FACTUAL BACKGROUND

Debtor filed a Chapter 13 petition on May 13, 2013. Debtor owned and operated Scott's Electric, Inc. in Waterloo, Iowa. Debtor had a business relationship with Plaintiff through Scott's Electric.

Before the bankruptcy, Plaintiff brought suit in state court against Debtor. Plaintiff alleged Debtor defrauded him by converting business funds to Debtor's personal use. The parties entered a settlement agreement in which Debtor committed to repay Plaintiff in full by June 1, 2010.

Debtor made some payments to Plaintiff but did not fulfill his obligations under the settlement agreement.  After Debtor filed bankruptcy, Plaintiff filed a proof of claim in Debtor's bankruptcy for $579,190.27.  Plaintiff then filed this adversary seeking a judgment that the debt is nondischargeable.

Because Plaintiff has argued for summary judgment based on specific provisions of the settlement agreement, the Court will summarize only the relevant portions of the Agreement.  Paragraph 8 laid out the payment plan.  Paragraph 9b then states:

> Although [Debtor] Jordan does not admit to any of the allegations made by Eveland [Plaintiff], he does admit that the claims made by [Plaintiff] Eveland sound in fraud, and further admits that because of that the performance promised under paragraph 8, and any judgment entered pursuant to paragraph 9a of this Agreement, is not dischargeable in bankruptcy.

Paragraph 12 states:

> The parties further understand and agree that this settlement will not be construed as an admission on [Debtor] Scott Jordan's part of any wrongdoing or liability for any claims made by [Plaintiff] John Eveland individually or on behalf of any of his various business interests or the parties' various business interests together.

Debtor also executed a Confession of Judgment for the payments and terms as described in the settlement agreement.  Paragraph 9a of the Agreement stated that Plaintiff's attorney in the state court case should file the Confession of Judgment when and if Debtor defaulted, and Plaintiff's attorney did so on July 3, 2008.

Plaintiff argues that paragraph 9b shows that the parties intended to settle the fraud issue. In his view, paragraph 9b specifically states that because the claim underlying the debt sounds in fraud and was settled, it will not be discharged in bankruptcy.

Debtor argues that paragraph 9b does not admit to any factual allegations of wrongdoing, and therefore the debt cannot be nondischargeable absent proof of fraud in this case. Debtor also argues that paragraph 12, which notes that nothing in the settlement can be construed as an admission of wrongdoing, further supports Debtor's interpretation of paragraph 9b.

Debtor also points out that there is pending state court litigation addressing the enforceability of the Agreement. In that case, Debtor argues that he did not enter into the settlement agreement voluntarily. The state court litigation, however, is not currently posed to address the fraud issue.

## CONCLUSIONS OF LAW

### I.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56 to adversary proceedings). Substantive law determines which facts are material.

4

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A material fact dispute is one that "might affect the outcome of the suit." Id. An issue is genuine when reasonable minds could differ as to the verdict of the case because of that issue. Id. at 251–52. At this point in the litigation, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The Court will view the facts and make "all reasonable inferences in the light most favorable to the nonmoving party." Reed v. City of St. Charles, Mo, 561 F.3d 788, 790 (8th Cir. 2009).

## II.    Settlement Agreements and Dischargeability Generally

Plaintiff argues that "where parties intend to resolve the issue of fraud, and to resolve that issue for purposes of a later claim of nondischargeability in bankruptcy, that intent should be recognized and upheld by the court." CM/ECF Doc. No. 13, p. 3. Plaintiff cites Archer v. Warner, 538 U.S. 314 (2003), for support. Debtor does not dispute Archer's applicability, but disputes the result reached in applying Archer.

Archer involves a fact situation similar to this case. The Archers sued the Warners for fraud in connection with a company sale. Archer, 538 U.S. at 317. The Archers and the Warners entered into a settlement agreement. The Warners agreed to pay the Archers roughly $300,000, which included $200,000 up front

with a $100,000 promissory note. Id. When the Warners failed to make the first payment on the promissory note, the Archers sued in state court. Id. at 317–18. The Warners filed for bankruptcy shortly thereafter. Id. at 318. The Archers asked the Bankruptcy Court to find the $100,000 promissory note debt nondischargeable based on the initial fraud. Id. The Bankruptcy Court found that the debt was dischargeable and denied the Archer's claim. The District Court affirmed the Bankruptcy Court, and the Fourth Circuit Court of Appeals affirmed the District Court. The Supreme Court granted certiorari to resolve a circuit split on the issue.

The Supreme Court noted the importance of determining whether the parties intend to resolve the "*issue* of fraud or, more narrowly, to resolve that issue for purposes of a later claim of nondischargeability in bankruptcy" in the settlement agreement. Id. at 322. The Supreme Court concluded that the Bankruptcy Court should determine "whether the parties intended their agreement and dismissal to have issue-preclusive, as well as claim-preclusive, effect." Id. at 322–23.

The Court in Archer also noted that Congress amended § 523(a)(2)(A) and that the Court needed to consider the intent of Congress in doing so. Id. at 321. Congress changed the nondischargeability provision from "judgments" sounding in fraud to all such "liabilities." Id.; see also 11 U.S.C. § 523(a) (2014) (current language reads "any debt"). The Court reasoned:

> [t]his change indicated that "Congress intended the fullest possible inquiry" to ensure that "all debts arising out of" fraud are "excepted

6

>from discharge" no matter the form.  Congress also intended to allow the relevant determination (whether a debt arises out of fraud) to take place in bankruptcy court, not to force it to occur earlier in state court at a time when nondischargeability concerns "are not directly in issue and neither party has a full incentive to litigate them."

Archer, 538 U.S. at 321 (quoting Brown v. Felsen, 442 U.S. 127 (1979)).

Archer indicates that Bankruptcy Courts should make a dischargeability determination unless it is clear the parties intended their agreement to have issue and claim preclusive effect.  Bankruptcy Courts faced with similar issues after Archer have reiterated that parties' attempts to determine an issue like this one before bankruptcy occurs may violate public policy.  "A prepetition agreement in which the debtor purports to waive the benefits of a bankruptcy discharge is void as against public policy."  Spyke, Inc. v. Zufall (In re Zufall), Bankr. No. 05-50693, Adv. No. 06-5005, 2007 WL 601568, at *3 (Bankr. D.S.D. Feb. 21, 2007) (citing numerous cases for support).  However, the law appears to remain unchanged in that the parties may stipulate to the underlying facts that would aid in determining nondischargeability.  Klingman v. Levinson, 831 F. 2d 1292, 1296 (7th Cir. 1987).

It appears from these cases that when the debtor admits to the facts that would establish fraud, he or she is, in essence, stipulating to the facts required to determine nondischargeability.  Debtor is not, however, simply agreeing to waive his or her right to a discharge to settle a case.  Debtor is instead admitting the facts

7

that establish the fraud and such a stipulation is given preclusive effect.  The Bankruptcy Court must thus determine whether there is a proper stipulation to the underlying facts or whether the settlement provides a bare and impermissible waiver of discharge.  The bankruptcy court exercises its exclusive jurisdiction over dischargeability determinations to make a final conclusion.  See Counsell v. Colfack (In re Colfack), 393 B.R. 222, 225 (Bankr. D. Neb. 2008).

### III.    General Issues of Material Fact Regarding Intent Preclude Summary Judgment

Here, the parties' disagree about the intent of the language in the settlement agreement.  Plaintiff argues that the parties intended to determine the nondischargeability issue once and for all under paragraph 9b.  In that paragraph, Debtor agrees that the debt is nondischargeable.

Debtor argues that no provision of the settlement agreement can show such definitive intention.  Debtor points out that paragraph 12 specifically states that Debtor did not admit to any of the underlying claims.  Thus, Debtor believes the agreement should not be given preclusive effect.

The provisions of the settlement agreement that the parties cite do not definitively demonstrate their intentions or otherwise decide the issue.  In the settlement agreement, Debtor refuses to admit the allegations in the underlying lawsuit but admits that the debt is nondischargeable in bankruptcy.  This does not equate with a stipulation by Debtor that the elements of a finding of

8

nondischargeability are satisfied. Without such a stipulation or clear admission, this language does not entitle Plaintiff to summary judgment. In fact, the language in the settlement agreement is closer to that of those where other courts have found a waiver of the benefit of discharge, thus violating public policy.

The Court concludes that the language of the settlement agreement does not resolve this case as a matter of law. A fact question remains about whether the Debtor intended the settlement agreement to settle the fraud issue. At most, the settlement agreement's language standing alone is somewhat contradictory. Without more, the Court cannot determine the intentions of the parties.

**WHEREFORE**, Plaintiff's Motion for Summary Judgment is DENIED.

Dated and Entered: March 2, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE